# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| KANDRA L. AMBOH, <br><br> Plaintiff, <br><br> v. <br><br> SPRING CLEMENTE; HON. BRUCE L NELSON; and JEFFREY KURTZ, Tribal Court Judge, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:25-cv-00159-HCN-JCB <br><br> District Judge Howard C. Nielson, Jr. <br><br> Magistrate Judge Jared C. Bennett |

## INTRODUCTION[1]

Plaintiff Kendra Amboh ("Ms. Amboh"), proceeding pro se, brought this action against two tribal court judges[2] and Spring Clemente ("Ms. Clemente") alleging that the Ute Indian Tribal Court of the Uintah and Ouray Reservation ("Ute Tribal Court") lacked jurisdiction when it granted Ms. Clemente custody over two children and seeking the return of the two children to Ms. Amboh's custody.[3] The court considers four motions filed by Ms. Amboh and a motion for sanctions Ms. Clemente filed against Ms. Amboh. For the reasons stated below, the court FINDS AS MOOT Ms. Amboh's motion for an order denying Ms. Clemente's motion to dismiss.[4] The

---

[1] This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B). ECF No. 17.

[2] Defendants Bruce L Nelson ("Judge Nelson") and Jeffrey Kurtz ("Judge Kurtz").

[3] *See generally* ECF No. 1.

[4] ECF No. 16.

court DENIES Ms. Amboh's motions for a hearing,[5] for an order to show cause,[6] and for expedited discovery and to expedite briefing.[7] The court DENIES Ms. Clemente's motion for sanctions.[8]

## DISCUSSION

I. **Ms. Amboh's Motions**

A. <u>Ms. Amboh's Motion for an Order Denying Ms. Clemente's Motion to Dismiss</u>

Ms. Clemente filed a motion to dismiss the claims against her[9] and Ms. Amboh filed a memorandum in opposition.[10] The same day, Ms. Amboh also filed a motion for an order denying and overruling Ms. Clemente's motion to dismiss.[11] This motion, which is now before the court, appears to be an attempt to notify the court that Ms. Amboh objects to Ms. Clemente's motion to dismiss. It states that Ms. Amboh has presented her arguments in other court filings, that she effectuated service of process, and that the court has subject matter jurisdiction over her claims.[12]

The court notes that the motion is procedurally improper under the court's local rules of civil practice[13] and that the motion requests the same relief as Ms. Amboh's opposition to Ms.

---

[5] ECF No. 19.
[6] ECF No. 22.
[7] ECF No. 25.
[8] ECF No. 21.
[9] ECF No. 9.
[10] ECF No. 15.
[11] ECF No. 16.
[12] ECF No. 16 at 2.
[13] *See* DUCivR 7-1(a)(4)(A) (providing for only one response to a motion to dismiss).

Clemente's motion to dismiss.[14] The court in the course of its regular process of evaluating Ms. Clemente's motion to dismiss has already recommended dismissal of the claims against Ms. Clemente.[15] Thus, Ms. Amboh's motion to deny Ms. Clemente's motion to dismiss is moot.

B. <u>Ms. Amboh's Motion for a Hearing</u>

Ms. Amboh submitted a 26-page filing requesting a hearing before this court. The motion repeats some of the arguments in Ms. Amboh's complaint,[16] including declaring the children to be members of the Eastern Shoshone Tribe, and requests the children's return. Ms. Amboh attaches a Writ of Habeas Corpus,[17] a copy of a petition for protective order that Ms. Clemente signed in September 2024,[18] a "motion to return children,"[19] and documents from a civil case in Ute Tribal Court. As oral argument would not materially aid the court's resolution of the underlying case, and as Ms. Amboh has failed to demonstrate good cause as to why a hearing should be set,[20] the court denies Ms. Amboh's motion for a hearing.

---

[14] ECF No. 15.

[15] ECF No. 34.

[16] ECF No. 1.

[17] ECF No. 19-1 at 1-2 of 22.

[18] ECF No. 19-1 at 3-7 of 22.

[19] ECF No. 19-1 at 8-10 of 22.

[20] DUCivR 7-1(g) ("[A] party may request oral argument on a motion and must show good cause.")

C. Ms. Amboh's Motion for an Order to Show Cause

Ms. Amboh filed a motion for an order to show cause[21] that requests, for the first time, "the return of her daughter, K.T."[22] The motion then lists a series of allegations involving tribal court proceedings and appears to request a grant of attorney fees before stating that Ms. Amboh had been found not guilty of charges of abuse in an unspecified court proceeding.[23] The court is not certain what relief Ms. Amboh is requesting, other than that she is requesting the court issue an order to show cause.[24] It is clear, however, that Ms. Amboh has not demonstrated why the court should or could issue an order to show cause. Accordingly, the court denies the motion.

D. Ms. Amboh's Motion for Expedited Discovery and to Expedite Briefing

The last of Ms. Amboh's remaining filings is a motion for expedited discovery and to expedite briefing.[25] Ms. Amboh requests an expedited review of the motion and an order for defendants to produce certain hearing transcripts.[26] Judge Nelson and Judge Kurtz oppose the motion by arguing that Ms. Amboh had not conducted any discovery prior to filing this motion, which demonstrates a lack of need to expedite discovery.[27] They further argue that the court should refrain from ordering expedited discovery while motions to dismiss were pending.[28] Ms.

---

[21] ECF No. 22.

[22] In her original petition, Ms. Amboh requests the return of two boys. ECF No. 1 at 1, 3.

[23] ECF No. 22 at 2-3.

[24] See ECF No. 22 at 3 ("Plaintiff moves for Order to Show Cause for the Court for an Order to the Defendants, Spring Clemente, Judge Jeffrey Kurtz, and Judge Bruce Nelson.")

[25] ECF No. 25.

[26] ECF No. 25 at 4 of 5.

[27] ECF No. 29 at 2.

[28] ECF No. 29 at 3.

Amboh has not demonstrated good cause for the need to expedite discovery. Accordingly, the court denies Ms. Amboh's motion.

## II. Ms. Clemente's Motion for Sanctions

Ms. Clemente seeks sanctions pursuant to Fed. R. Civ. P. 11 in response to Ms. Amboh's motion for hearing.[29] Ms. Clemente construes the Writ of Habeas Corpus that Ms. Amboh attached to the motion[30] as a pleading, and argues that the writ "fails to state a cognizable claim for relief under any applicable legal authority, and is frivolous, baseless, and filed in bad faith."[31] Ms. Clemente argues that the filing "appears intended to harass, delay, or needlessly increase the cost of litigation; [a]sserts legal contentions not warranted by existing law . . . ; [and c]ontains factual contentions unsupported by any evidence or reasonable inquiry."[32] After providing Ms. Amboh with the required 21-day safe harbor in which she could withdraw the pleading,[33] Ms. Clemente seeks dismissal of the filing and an award of reasonable attorney's fees and costs.[34]

### A. Legal Standard

In relevant part, Rule 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

---

[29] ECF No. 21.

[30] ECF No. 19-1 at 1-2.

[31] ECF No. 21 at ¶ 4.

[32] ECF No. 21 at ¶ 5.

[33] Fed. R. Civ. P. 11(c)(2); ECF No. 21 at ¶ 6.

[34] ECF No. 21 at ¶ 7.

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .[35]

"If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, *or party* that violated the rule or is responsible for the violation."[36] "[T]he central purpose of Rule 11 is to deter baseless filings in district court and . . . streamline the administration and procedure of the federal courts."[37]

The United States Court of Appeals for the Tenth Circuit has instructed district courts that "the award of Rule 11 sanctions involves two steps. The district court first must find that a pleading violates Rule 11. The second step is for the district court to impose an appropriate sanction."[38] Under the first step, the court employs a standard of objective reasonableness, which is "'intended to eliminate any "empty-head pure-heart" justification for patently frivolous

---

[35] Fed. R. Civ. P. 11(b)(1)-(3).

[36] Fed. R. Civ. P. 11(c)(1) (emphasis added).

[37] *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

[38] *Collins v. Daniels*, 916 F.3d 1302, 1319 (10th Cir. 2019) (citation modified).

arguments.'"³⁹ For the second step, a Rule 11 sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."⁴⁰

    B.  <u>Analysis</u>

The court has significant concerns with Ms. Amboh's filings in this action to date. The subject matter underlying this action is gravely serious—the custody of two children—and in construing Ms. Amboh's filings, the court has taken this and Ms. Amboh's pro se status into account. Ms. Amboh's filings have been genuinely difficult to decipher. The "Plaintiff's Writ of Habeas Corpus Return of Children"⁴¹ that is the subject of Ms. Clemente's motion suffers from many of the same infirmities that have plagued other filings from Ms. Amboh.

Ms. Clemente is likely correct that Ms. Amboh's filing "[a]sserts legal contentions not warranted by existing law, nor supported by a nonfrivolous argument for extending or modifying the law . . . [and c]ontains factual contentions unsupported by any evidence or reasonable inquiry."⁴² However, the court declines to exercise its discretion to impose sanctions against Ms. Amboh under Rule 11 out of an abundance of caution for Ms. Amboh's pro se status.⁴³ When deciding whether to impose Rule 11 sanctions on a pro se party, the court must "construe matters differently for the litigant, as [courts] give pro se litigants liberal treatment, precisely because

---

³⁹ *Id.* at 1320 (quoting Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment).

⁴⁰ Fed. R. Civ. P. 11(c)(4).

⁴¹ ECF No. 19-1 at 1.

⁴² ECF No. 21 at 2; *see also* ECF No. 19; Fed. R. Civ. P. 11(b)(2)-(3).

⁴³ Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment (providing that "the court has sufficient discretion to take account of the special circumstances that often arise in pro se situations" when deciding whether to impose Rule 11 sanctions (citation modified)).

they do not have lawyers."[44] Citing a party's pro se status, courts have declined to award sanctions even where the party's arguments have been meritless or frivolous.[45] Indeed, "courts customarily give pro se litigants the benefit of the doubt when it comes to [Rule 11] sanctions."[46] Out of an abundance of caution regarding Ms. Amboh's pro se status, the court denies Ms. Clemente's motion for sanctions.[47] Further Rule 11 violations, however, may not be handled the same way going forward.

## ORDER

For the reasons stated above, the court HEREBY ORDERS as follows:

1. The court FINDS AS MOOT Ms. Amboh's motion for an order denying Ms. Clemente's motion to dismiss.[48]

2. The court DENIES Ms. Amboh's motions for a hearing,[49] for an order to show cause,[50] and for expedited discovery and to expedite briefing.[51]

---

[44] *Duran v. Carris*, 238 F.3d 1268, 1272 (10th Cir. 2001).

[45] *See, e.g., Vidal v. AHC of Aurora, LLC*, No. 1:17-CV-00746-SKC, 2018 WL 10947922, at *2 (D. Colo. Nov. 19, 2018) (declining to award Rule 11 sanctions against the plaintiff based, in part, on the plaintiff's pro se status, despite the plaintiff's claims being "without merit"); *Banks v. Opat*, No. 5:15-CV-03093-HLT-KGS, 2018 WL 11678279, at *2 (D. Kan. Nov. 16, 2018) ("Considering Plaintiff's pro se status—and although the arguments raised by Plaintiff in his motion to strike lack merit and may be deemed frivolous—the Court declines to exercise its discretion to award [Rule 11] sanctions against Plaintiff here.").

[46] *Spreitzer v. Woodall*, No. 1:12-CV-00206-ABJ, 2014 WL 12625789, at *1 (D. Wyo. Mar. 3, 2014) (citation modified).

[47] ECF No. 21.

[48] ECF No. 16.

[49] ECF No. 19.

[50] ECF No. 22.

[51] ECF No. 25.

3. The court DENIES Ms. Clemente's motion for sanctions.[52]

IT IS SO ORDERED.

DATED this 29th day of January 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[52] ECF No. 21.